VIRGINIA-CAROLINA CHEMICAL CO. v. JEFFERSON.

(Division B. Nov. 27, 1939.)

[192 So. 306. No. 33892.]

Green, Green & Jackson, of Jackson, for appellant.

McClendon & Edmonds and Barnett, Jones & Barnett, and **John E. Stone**, all of Jackson, for appellee.

Argued orally by **Henry Edmonds** for appellee.

**McGehee, J.,** delivered the opinion of the court.

The case presented on this appeal is substantially the same in all material particulars, so far as the testimony on behalf of the appellee is concerned, as that disclosed in the opinion of the court on a former appeal, as reported in the case of Jefferson v. Virginia-Carolina Chemical Company, Miss., 185 So. 230, reference to which is here made for a statement of the facts relied on to establish liability, and wherein it was held that an employee engaged in pushing a "Georgia Buggy" and loading a box car with fertilizer did not assume the risk of being struck by another employee with an empty buggy coming out of the car, where employer ordered the work to be done in an unsafe manner and deprived employee of the only means known to him to protect himself from injury. On the first trial there was a directed verdict in favor of the employer defendant. Upon appeal, the judgment entered thereon was reversed and remanded. On the second trial the defense was interposed that if it were true that the employees had adopted a safe method of their own

for doing the work the employer had no notice thereof, and that therefore no discontinuance of such method could have been ordered by the employer; that the system employed at the time of the accident and injury complained of was the usual and customary method or system generally employed by careful and prudent men engaged in the same business; that the danger incurred by the appellee in trying to enter the box car with a loaded buggy before the fellow servant on the inside had come out of the car with his empty buggy was a manifest and obvious danger; that no rule or regulation for the safety of the men was necessary; that there was only one course to pursue, which was apparent, and that was for the fellow servant to either wait until the appellee had gotten safely into the box car with his loaded buggy, or warn appellee of his purpose to come out before appellee tried to enter; that the only reasonable rule the employer could have promulgated was simply that, and nothing more, and that if the employer had promulgated such a rule the appellee and his fellow servant would only have been informed of what they already knew.

The trouble encountered, however, in trying to apply that principle of law, so declared in the case of Tatum v. Crabtree, 130 Miss. 462, 94 So. 449, and other cases cited, is that the foreman in charge of the work in the case at bar ordered the appellee and his fellow servants not to wait on one another in that manner, but to keep moving; to rush in and rush out of the car, or "hit the clock", meaning that otherwise they would be fired. Moreover, the rule invoked by the appellant employer to the effect that the master is not liable where he observes and follows the usual and customary method or system generally employed by careful and prudent men engaged in the same business has no application where "the unreasonable unsafeness in the method or system is so evident that impartial persons could not well be in disagreement upon the issue." This exception to the rule is recognized in Newell Contracting Co. v. Flynt, 172 Miss.

719, 161 So. 298, 743; Eagle Cotton Oil Co. v. Sollie, Miss., 187 So. 506. On the former appeal of the case at bar the Court, after stating the facts upon which the plaintiff relied, said in regard to the defendant's duty, that [185 So. 232]: "It is almost certain that any sensible man could see that a collision between the buggies going in and out would likely ensue."

The appellee testified again on the second trial, after relating that for a day or two prior to the accident the employees had followed a method of their own whereby a fellow servant on the inside of the box car would wait before trying to come out with his empty buggy until the servant with the loaded buggy could enter (under his right of way privilege over the metal bridge from the platform into the box car), that: "Mr. Calhoun come out and caught us, and he stopped us; had us go in a hurry, a lot of time go in a trot and come in a trot"; and that: "He said if we didn't quit, he would fire us—to hit the clock". "Q. If you didn't quit what? A. Didn't quit stopping and waiting for one to come in."

It was then shown that one coming out from the north end of the box car with an empty buggy could not have seen the appellee in time to avoid injuring him, if each of the servants were required to rush in and to rush out of the box car in the manner testified. Therefore, the result of the alleged command of the foreman, according to the testimony of the appellee, was that when he started into the box car with a loaded buggy, "another fellow was coming out; and as I got halfway in the car his buggy struck the left side of my buggy, and just knocked my hand up against the door facing and the Georgia buggy body".

Without discussing in detail the errors assigned in regard to the giving and refusal of instructions, we deem it sufficient to say that in our opinion the instructions given, when considered as a whole, fully and correctly announce the applicable principles of law governing the question of liability under the facts of the case, and that

they are in conformity with the principles announced in the former opinion in regard to the state of case made by the proof.

The appellant also pleads a release, which was executed by the appellee shortly after the accident complained of, as constituting a full accord and satisfaction. The purported release recited payment of $11.60, but we think that the jury was warranted in believing from the evidence that the appellee did not receive any part of the alleged consideration; that he did not understand that the payment of this amount to the attending physician, and which was owing either by him or by the appellant to the physician, was intended to be in accord and satisfaction of the damages sustained on account of his injury. Upon conflicting testimony this issue was resolved in favor of the appellee, and we are not justified in disturbing the finding of the jury in that regard. Nor can we say that the amount of the verdict was excessive to such an extent as to evince bias, passion or prejudice on the part of the jury.

Therefore, the verdict and judgment of the court must be affirmed.

Affirmed.